[No. 12774.   Department Two. — May 8, 1890.]

IN RE D. A. BAIRD, AN INSOLVENT DEBTOR.

INSOLVENCY — OPPOSITION TO DISCHARGE — DEED OF INSOLVENT — SUIT BY ASSIGNEE — FORMER ADJUDICATION. — When the creditors oppose the discharge of an insolvent on the ground that he executed a conveyance of a tract of land a few days before his petition was filed, a former adjudication, in an action by the assignee of the insolvent to set aside the deed, that such deed was valid, and not fraudulent, constitutes a defense to the opposition of the creditors upon that ground, and is admissible in evidence against them.

ID. — INSUFFICIENCY OF EVIDENCE. — When the evidence is insufficient to sustain any of the alleged grounds of opposition to the discharge of an insolvent, a judgment sustaining the opposition must be reversed.

PLEA OF FORMER ADJUDICATION. — A plea of former adjudication need not state that the former judgment had not been appealed from, nor that it had become final.

APPEAL from a judgment of the Superior Court of San Benito County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*N. C. Briggs,* for Appellant.

A judgment is in effect, unless suspended by an appeal, and must be presumed to be in effect. (Code Civ. Proc., secs. 633, 664, 670, 681; *Woodbury* v. *Bowman,* 13 Cal. 635.) The assignee of the insolvent is a trustee of the creditors, and his action binds them. (*Bayly* v. *Muehe,* 65 Cal. 349; *De la Ossa* v. *Oxarart,* 58 Cal. 101; *Cunningham* v. *Ashley,* 45 Cal. 485; Freeman on Judgments, sec. 173; *Peterson* v. *Lathrop,* 34 Pa. St. 223; *Field* v. *Flanders,* 40 Ill. 470.)

*McCroskey & Hudner,* for Respondents.

SHARPSTEIN, J.—On August 17, 1886, said insolvent filed in the superior court of San Benito County his petition and schedules praying to be discharged from his debts, as provided by the insolvent act of 1880. Thereafter, in due course of procedure, the creditors named in the schedules appeared, and on September 5, 1887, filed their written opposition to such discharge. The specified grounds of such opposition were: 1. The execution of a deed, dated August 10, 1886, by the insolvent, to Elsie Briggs, of a tract of land; 2. The statement in his schedules of his indebtedness to one G. H. Briggs for a greater sum than he owed said Briggs. During the trial before a jury, against the insolvent's objection and exception, the court permitted the creditors to amend the grounds of their opposition by adding a third, to wit: 3. That said insolvent, on August 10, 1886, made a fraudulent gift, transfer, and conveyance of personal property to said G. H. Briggs.

To this amendment the insolvent demurred and objected,—1. Because the charge is not an amendment, but an original charge, and was not filed within the time permitted by law; 2. That the charge did not state facts sufficient to constitute grounds of opposition.

The demurrer was overruled, and the insolvent excepted.

Insolvent then, by leave of the court, filed an amendment to his answer to the first charge of said creditors. The amendment set up a former adjudication in an action brought by the assignee of the insolvent to set aside said deed from insolvent to said Elsie Briggs, on the ground that the same was fraudulent and void, by which it was adjudged that said deed was not fraudulent, but was valid.   This was demurred to by the creditors, on the grounds,—1. That it did not state facts sufficient to constitute a defense; 2. That it did not state that said alleged judgment had not been appealed from, or that it had become final; 3. That it did not appear therefrom that the parties are identical, or that the subject of the litigation is identical in the action referred to in said answer and in this action or proceeding.   The demurrer was sustained, and insolvent excepted.

The court erred in sustaining said demurrer.

Afterward insolvent offered in evidence the judgment roll in said action, to the admissibility of which the court sustained an objection of the creditors.   In so ruling we think the court erred.

After a careful examination of the evidence introduced by the respective parties, we are forced to the conclusion that it does not tend to prove any of the alleged grounds of opposition to the discharge of the insolvent.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and MCFARLAND, J., concurred.
LXXXIV. CAL.— 7